IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FREEWAY ELECTRIC, INC., DAVID WILLIAM SCHAFHIRT, and WESTERN SURETY COMPANY,<br><br>Defendants. | No. C 07-1491 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

This is an ERISA action for unpaid contributions to a union trust fund. Now before the Court is plaintiffs' motion for default judgment. Defendants have not responded to plaintiffs' motion. After carefully considering the papers filed by plaintiffs, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion for default judgment.

## BACKGROUND

In March 2007, plaintiffs filed this ERISA action to recover unpaid contributions owed for the period November 2005 through February 2007, as well as contributions found due on an audit for the months of December 2004 through July 2006, plus liquidated damages, interest, and attorneys' fees and costs. After the lawsuit was filed, plaintiffs

1  conducted a second audit and now seek additional unpaid contributions for the period August
2  2006 through April 15, 2007. Defendants were served with the complaint, but failed to
3  answer or otherwise communicate with the Court. Default against all defendants was entered
4  on September 7, 2007. Plaintiffs now move for a default judgment.

5       The evidence establishes that defendants have failed to make contributions, plus
6  liquidated damages, interest and fees and costs in the total amount of $2,130.72 arising out of
7  the audit for the months of December 2004 through July 2006. A second audit reviewing the
8  months of August 2006 through April 15, 2007 revealed that defendants owe contributions,
9  liquidated damages, interest and fees and costs in the total amount of $14,842.65. The record
10 also establishes that defendants owe plaintiffs $42,311.47 for reported but unpaid
11 contributions, liquidated damages, and interest for several months between November 2005
12 and February 2007. Plaintiffs have also submitted evidence that they have incurred
13 attorneys' fees and costs in the total amount of $6,235.80.

## DISCUSSION

15 ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys' fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989). This requirement is satisfied here.

As the allegations of the complaint are accepted as true, and as the evidence establishes that defendants owe plaintiffs a sum certain, plaintiffs' motion for a default judgment is GRANTED in the total amount of $65,520.64. Defendants are ordered further to

2

pay plaintiffs interest on the above amount at the rate of 12 percent from October 11, 2007 to the date of defendants' satisfaction of the award.  Judgment will be entered and the case management conference scheduled for November 30, 2007 is accordingly vacated.

**IT IS SO ORDERED.**

Dated: November 27, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\1491\ordergrantingdefaultjudgment.wpd